IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Regina M. Hunter, | ) | Civil Action No.: 3:15-547-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| The Honorable Nikki R. Haley, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On February 5, 2015, Plaintiff Regina M. Hunter, ("Plaintiff"), proceeding *pro se*, filed this action alleging violations of her constitutional rights. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for review pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A. On March 5, 2015, the Magistrate Judge prepared a Report and Recommendation, ("the Report"), recommending that this action be dismissed *without prejudice* and without issuance and service of process, pursuant to Federal Rule of Civil Procedure 41(b), based upon Plaintiff's failure to prosecute and failure to comply with court orders. (ECF No. 12). Objections to the Report were due by April 16, 2015. On April 16, 2015, Plaintiff filed a "Motion to Vacate and Application for *Nunc Pro Tunc* Order," (ECF No. 14), which includes arguments in the nature of "objections" to the Report. The matter is now ripe for review.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and Plaintiff's "Motion to Vacate and Application for *Nunc Pro Tunc* Order," (ECF No. 14), which includes arguments in the nature of objections to the Report.  The Court has undertaken this *de novo* review, even though it is evident from Plaintiff's filing that Plaintiff remains out of compliance with the Court's Proper Form Order, (ECF No. 7), entered February 27, 2015.

As the Magistrate Judge sets out in the Report, the Magistrate Judge issued an Order on February 27, 2015, providing Plaintiff with an additional opportunity to bring this case within proper form by March 23, 2015, by either paying the required $350 filing fee or completing and signing the appropriate paperwork, showing her inability to pay the filing fee.  (ECF No. 7).  As of the date of this Order, Plaintiff still has not responded as directed.  Indeed, in Plaintiff's most recent filing, Plaintiff objects to and asks to be excused from these basic requirements on grounds that she is exercising her "unconditional and constitutional Fifth Amendment right."  (ECF No. 14-2 at p. 6).

Based on all of the foregoing, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference, (ECF No. 12), overruling Plaintiff's objections.  It is hereby **ORDERED** that Plaintiff's complaint is **DISMISSED** *without prejudice* and without issuance and service of process based upon Plaintiff's failure to prosecute and failure

to comply with court orders. Additionally, Plaintiff's one sentence long "Motion for Leave to Proceed Without Prepayment of Costs," (ECF No. 2), is **DENIED**. Finally, those portions of Plaintiff's "Motion to Vacate and Application for *Nunc Pro Tunc* Order," (ECF No. 14), that are not in the nature of "objections" to the Magistrate Judge's Report but seek other relief from this Court are properly terminated as **MOOT**.

**IT IS SO ORDERED.**

s/Mary G. Lewis<br>United States District Judge

April 20, 2015
Columbia, South Carolina